IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEAN GAUCHAT-HARGIS,   )
           )
    Plaintiff,   )  No. CIV S-11-2737 KJM EFB
           )
  v.      )
           )
FOREST RIVER, INC., et al.,  )  ORDER
           )
    Defendants.  )
_____)

On August 1, 2012, plaintiff filed a motion for leave to file a First Amended Complaint (FAC) to add a claim of breach of implied warranty for a particular purpose against defendant Timothy DeMartini, dba DeMartini RV Sales. Defendant DeMartini did not file an opposition to the motion nor the statement of non-opposition required by the Local Rules. L.R. 230(c). Plaintiff's motion is granted, as explained below.

I. Background

The complaint, filed October 17, 2011, contains three causes of action, all arising from plaintiff's alleged problems with a Forest River motorhome she purchased from DeMartini: (1) breach of the express warranty in violation of the Magnuson-Moss Warranty Act, 15 U.S.C.

///

§ 2301, *et seq.*, against both defendants; (2) breach of the implied warranties, against both defendants; and (3) negligent repair against both defendants.  ECF No. 1 ¶¶ 16-44.

DeMartini answered the complaint, alleging among other things that plaintiff abused and failed properly to maintain the motor home, modified and altered it, and used it for a commercial purpose, which voided the express and implied warranties.  ECF No. 10 ¶¶ 52-54.

The scheduling order in this case established a deadline of August 1, 2012 for filing any motions to amend.  ECF 19 ¶ II.

II. Analysis

A "party seeking to amend [its] pleading after [the] date specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  [Citation omitted.]  If the party was not diligent, the inquiry should end." *Id.*

Federal Rule of Civil Procedure 15(a)(2) states, "[t]he court should freely give leave [to amend its pleading] when justice so requires."  The Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "In exercising its discretion [regarding granting or denying leave to

2

1   amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on

2   the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*,

3   833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.

4   1981)).   However, "the liberality in granting leave to amend is subject to several limitations.

5   Leave need not be granted where the amendment of the complaint would cause the opposing

6   party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue

7   delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted).   In addition, a court

8   should look to whether the plaintiff has previously amended the complaint, as "the district

9   court's discretion is especially broad 'where the court has already given a plaintiff one or more

10  opportunities to amend [its] complaint.'" *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

11          The scheduling order in this case established a deadline of August 1, 2012 for

12  filing any motions to amend, yet also said that a party filing a motion to amend by that date

13  would have to satisfy Rule 16(b)'s standard.   ECF 19 ¶ II.   In this case, plaintiff's request, timely

14  under the terms of the scheduling order, satisfies *Johnson's* good cause requirement: plaintiff

15  was diligent as defined by this court's schedule.

16          In support of her motion for leave to file an amended complaint, plaintiff alleges

17  that after reviewing defendant's answer, she realized that a more suitable cause of action is the

18  breach of implied warranty for a particular purpose in light of the fact that she allegedly

19  informed DeMartini personnel she was purchasing the motor home to transport dogs to dog

20  shows and intended to modify it to accommodate crates and other dog-related equipment.   ECF

21  No. 21 ¶¶ 2-3.   Defendant DeMartini has not opposed and so has not suggested it will be

22  prejudiced by the amendment.   Moreover, because plaintiff met the court's deadline for filing the

23  proposed first amended complaint, allowing the amendment will not cause undue delay.   Plaintiff

24  has explained her reasons for seeking to amend, which are consonant with Rule 15's policy of

25  favoring resolution of cases on their merits.

26  ///

3

IT IS THEREFORE ORDERED:

1.  Plaintiff's motion for leave to file a First Amended Complaint (ECF No. 20) is granted; and

2.  Plaintiff shall file on the docket the first amended complaint in the form proposed in connection with plaintiff's motion, within fourteen days of the date of this order.

DATED:  October 18, 2012.

_____
UNITED STATES DISTRICT JUDGE